FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 2 - 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KELVIN BURGOS, PEDRO ACOSTA,
CLAUDIA DUQUE, YENDY
DOMINGUEZ, and RAFAEL MOREL, on
behalf of themselves and all those similarly
situated,

              Plaintiffs,

    -against-

NORTHEAST LOGISTICS INC. d/b/a
DILIGENT DELIVERY SYSTEMS, and
JERRY CURCIO and LARRY BROWNE, in
their individual and professional capacity,

              Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-6840 (CBA) (CLP)

**AMON, Chief United States District Judge:**

On December 1, 2015, plaintiffs Kelvin Burgos, Pedro Acosta, Claudia Duque, Yendy Dominguez, and Rafael Morel filed a complaint against defendants Northeast Logistics, Inc. ("Northeast"), Jerry Curcio, and Larry Browne, alleging various violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law, N.Y. Lab. Law § 650 et seq. ("NYLL"). (D.E. # 1, Compl.) Defendants sought and received leave to file a motion to dismiss the complaint and compel arbitration. (Minute Entry dated February 5, 2016.) Shortly after the Court set a briefing schedule for defendants' motion, the defendants separately initiated arbitration proceedings with the plaintiffs. Plaintiffs now move for a temporary stay of arbitration proceedings, until the pending motion is decided, (D.E. # 17, Mot. Temp. Stay, at 2), as well as for sanctions pursuant to 28 U.S.C. § 1927, (D.E. # 21 at 2). Plaintiffs' motion for a temporary stay is granted and plaintiffs' motion for sanctions is denied.

1

## BACKGROUND

On December 29, 2015, within a month of the complaint's filing, defendant Northeast requested a pre-motion conference to discuss a proposed motion to dismiss the complaint and compel arbitration. (D.E. # 6.) Defendants Curcio and Browne subsequently requested to join the conference. (D.E. # 8.) On February 5, 2016, the conference took place, and the Court set a briefing schedule for defendants' proposed motion. (Minute Entry dated February 5, 2016.) Oral argument on the motion is presently scheduled for March 30, 2016. (Id.)

Mere days after the Court set the briefing schedule, and without notifying the Court of their intention to do so, defendants initiated parallel arbitration proceedings against the plaintiffs.[1] (Mot. Temp. Stay at 2.) Plaintiffs asked defendants to delay arbitration pending the outcome of the motion currently being briefed, but defendants declined. (Id.) On February 11, 2016, plaintiffs moved the Court to stay the arbitration proceedings temporarily, until the Court rules on the motion to dismiss and compel arbitration. (Id.)

On February 17, 2016, the Court held a telephone conference with the parties to discuss the arbitration proceedings. (Minute Entry dated February 17, 2016.) During that conference, the parties agreed to brief the issue of a temporary stay, and defendants further agreed to put the arbitration proceedings on hold until the Court could rule on a temporary stay. (Id.) After both sides had submitted their briefs, (see D.E. # 18, 20), plaintiffs also filed a reply to defendants' opposition to the motion for a temporary stay, (see D.E. # 21). In that reply, plaintiffs ask the Court to impose sanctions of $500 on the corporate defendant in this case pursuant to 28 U.S.C. § 1927, to be paid to the Eastern District Civil Litigation Fund. (Id. at 2.) The basis for this request is the defendants' refusal to discuss the initiation of arbitration proceedings with

---

[1] Based on the parties' statements and submissions, plaintiffs have thus far been asked only to select arbitrators. (See, e.g., D.E. # 17 at 2.)

plaintiffs until the telephone conference held by the Court on February 17. (See id.)

The Court now considers plaintiffs' motion for a temporary stay, as well as plaintiffs' additional request for sanctions.

## DISCUSSION

### A. Temporary Stay

Under appropriate conditions, district courts can enjoin arbitration of a dispute altogether. Specifically, it falls to the district courts to determine whether parties before them have entered into a valid arbitration agreement, and whether a particular dispute between parties to a valid arbitration agreement is subject to arbitration per that agreement. See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Belco Petroleum Corp., 88 F.3d 129, 135 (2d Cir. 1996) ("The 'arbitrability' of a dispute comprises the questions of (1) whether there exists a valid agreement to arbitrate at all under the contract in question . . . and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement. Under section 4 of the [Federal Arbitration Act] these are the principal questions for the court to decide on a petition to compel arbitration."); see also In re Am. Exp. Fin. Advisors Sec. Litig., 672 F.3d 113, 140 (2d Cir. 2011) (interpreting its own precedent to "suggest that a federal court may enjoin an arbitration that the court determines is not otherwise valid").

Here, plaintiffs request only a temporary stay of arbitration proceedings, a short-term abeyance until the Court rules on defendants' motion to dismiss the complaint and compel arbitration. Indeed, the questions before the Court on the forthcoming motion to compel arbitration—whether there is a valid arbitration agreement, and whether that agreement encompasses the instant dispute—logically precede the initiation of arbitration proceedings. It would only make sense, therefore, that the Court is empowered to issue a temporary stay under

3

the present circumstances. See Video Tutorial Servs., Inc. v. MCI Telecommunications Corp., 79 F.3d 3, 5 (2d Cir. 1996) ("We would be hard-pressed to say that a district court cannot stay arbitration for a short time while familiarizing itself with the issues underlying a proposed motion to stay a suit pending arbitration, or a proposed motion to stay arbitration. We are likewise reluctant to deny the district court deference in cases like this, where it has not yet had the chance to determine the validity of the arbitration clause at issue or the arbitrability of the dispute itself." (citations omitted)); see also McLaughlin Gormley King Co. v. Terminix Int'l Co., L.P., 105 F.3d 1192, 1194 (8th Cir. 1997) (noting that the district court's order "briefly freezing the parties' dispute resolution activities until it determines arbitrability[] is surely appropriate").

Defendants argue that "the court should not stay the arbitration proceedings until and unless it determines that a valid and binding agreement to arbitrate does not exist." (D.E. # 20 at 1.) But that position seems to put the cart before the horse. The Court discerns no compelling reason for permitting defendants to force plaintiffs into an arbitration proceeding that postdates and runs parallel to this litigation even before the Court has determined that arbitration is appropriate. Should defendants prevail on their motion, they will be able to resume arbitration. Until and unless that occurs, however, it makes little sense to proceed with arbitration. Plaintiffs' motion for a temporary stay of arbitration is granted.

### B. Sanctions

Plaintiffs cite no case law whatsoever in connection with their request for sanctions.[2] At minimum, however, plaintiffs have not identified a proper target for their request. They ask for

---

[2] As noted above, plaintiffs have included their request for sanctions in their reply to defendants' opposition to a temporary stay of arbitration proceedings, rather than making a separate motion. In the Second Circuit, it is not clear whether a sanctions request under § 1927 requires a separate motion, although at least one circuit has held that a separate motion is not required. See Meathe v. Ret, 547 F. App'x 683, 691 (6th Cir. 2013).

4

sanctions against the "corporate defendants," (D.E. # 21 at 2), but "awards pursuant to § 1927 may be imposed only against the offending attorney; clients may not be saddled with such awards," United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991). The request for sanctions against the "corporate defendants" is therefore denied.

More generally, "[t]he purpose of [§ 1927] is to deter unnecessary delays in litigation." Id. (quotation marks and citation omitted). To warrant sanctions, there must be "a clear showing of bad faith" on the part of counsel, whose actions must be "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986).

Here, although the decision to pursue parallel arbitration proceedings was questionable and triggered some limited additional activity in this case, it is not manifest that counsel acted from an improper motive. Moreover, the decision has not caused delays and could not plausibly be interpreted as an attempt to do so. Counsel's conduct has not compelled the Court to extend the briefing schedule for defendants' proposed motion, and the instant Order issuing a temporary stay of arbitration proceedings was issued promptly in any event. Even if the Court were to interpret plaintiffs' request as seeking sanctions against opposing counsel, that request would be denied.

## CONCLUSION

For the reasons stated above, the private arbitration proceedings initiated by defendants are hereby stayed temporarily while the Court resolves the pending motion. Plaintiffs' motion for sanctions under § 1927 is denied. The parties are directed to comply with the briefing schedule set by this Court on February 5, 2016. Pursuant to that schedule, plaintiffs' opposition to defendants' motion is due March 4, 2016, and defendants' reply is due March 11, 2016.

SO ORDERED.

Dated: March 2, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

6