UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
Kelvin Burgos, Pedro Acosta, Claudia Duque,
Yendy Dominguez, and Rafael Morel, *on
behalf of themselves and all those similarly
situated*,

                Plaintiffs,

-against-

Northeast Logistics Inc. d/b/a Diligent Delivery
Systems, and Jerry Curcio and Larry Browne,
*in their individual and professional capacities*,

                Defendants.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 8 2019 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**ORDER**
15-CV-6840 (CBA) (CLP)

**AMON, United States District Judge:**

Plaintiffs Kelvin Burgos, Pedro Acosta, Claudia Duque, Yendy Dominguez, and Rafael Morel, on behalf of themselves and others similarly situated, bring this action against Northeast Logistics Inc. (d/b/a Diligent Delivery Systems), Jerry Curcio, and Larry Browne, alleging violations of the Fair Labor Standards Act and the New York Labor Law. (D.E. # 1.) In October 2017, the parties informed the Court that they had reached a settlement, and the Court referred review of the proposed settlement agreement to the Honorable Cheryl L. Pollak, U.S. Magistrate Judge, under Cheeks v. Freeport Pancake House, 796 F.3d 199, 206 (2d Cir. 2015). (D.E. dated 10/6/2017.) Magistrate Judge Pollak held a fairness hearing and, on April 26, 2018, submitted a Report and Recommendation recommending that the Court deny the motion to approve the settlement agreement without prejudice to resubmitting the agreement with the changes outlined in the April 26 R&R. (D.E. # 68 (the "April 26 R&R").) The Court, finding no clear error, adopted the well-reasoned April 26 R&R as the opinion of the Court. (D.E. # 70.)

1

After Magistrate Judge Pollak filed the April 26 R&R, the parties submitted a second proposed settlement agreement. (D.E. # 69.) The Court referred review of the second settlement agreement to Magistrate Judge Pollak. (D.E. # 70.) On November 5, 2018, Magistrate Judge Pollak submitted an R&R again recommending that the Court deny the motion to approve the second settlement agreement without prejudice, as the parties had addressed some but not all of the concerns raised in the April 26 R&R. (D.E. # 71 (the "November 5 R&R").) Specifically, although the parties struck the provision limiting future employment relationships and provided documentation to support a reasonable request for plaintiffs' attorneys' fees and costs, they failed to address the Court's concerns regarding the methodology of distributing the total settlement sum among plaintiffs and a provision releasing defendants from unknown claims. (November 5 R&R at 3–16.) On November 19, 2018, before the time for filing objections had passed, the parties submitted a third proposed settlement agreement. (D.E. # 72.) That agreement addressed the remaining concerns by offering a clear and consistent method for distributing the settlement among plaintiffs and by striking the language releasing defendants from unknown claims. On November 26, 2018, Magistrate Judge Pollak sua sponte submitted an R&R recommending that the Court grant the parties' motion to approve the third settlement agreement as fair and reasonable under Cheeks. (D.E. # 73 (the "November 26 R&R").)

No party has objected to the November 5 R&R or to the November 26 R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of

the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted).

The Court has reviewed the November 5 R&R, the November 26 R&R, and the record, including the second and third settlement agreements, and finds no clear error in Magistrate Judge Pollak's recommendations. Accordingly, the Court adopts the November 5 R&R and the November 26 R&R in their entirety, and it approves the third settlement agreement, (D.E. # 72), as fair and reasonable.

SO ORDERED.

Dated: February 7, 2019
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge